FILED'06 MAR 30 14:34USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CHRISTOPHER N. ALLEN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DELRICH PROPERTIES, INC., ) <br> formerly known as BIG OAK ) <br> MARINA, INC., and LARSON'S ) <br> MARINE SERVICE, INC., ) <br> ) <br> Defendants. ) <br> _____) | Civil No. 05-462-JE <br><br><br><br><br> **ORDER** |

**JELDERKS, Magistrate Judge:**

Plaintiff Christopher N. Allen brings this action against Delrich Properties, Inc. (Delrich), and Larson's Marine Service, Inc. (LMS). Plaintiff has settled with Delrich. Judgment has been entered in favor of LMS on all of plaintiff's claims.

LMS now moves for attorney's fees, contending that it is entitled to fees because it prevailed on plaintiff's claim under the Unlawful Trade Practices Act (UTPA). I award LMS $5,000 in attorney's fees and costs.

1 - ORDER

## BACKGROUND

In the initial complaint, plaintiff brought a claim under the UTPA, relying on Or. Rev. Stat. § 646.608(1)(u). Compl., ¶¶ 71-78. Section 646.608(1)(u) is a catchall provision applying to "any other unfair or deceptive conduct in trade or commerce." However, as LMS pointed out in its brief in support of summary judgment, Or. Rev. Stat. § 646.608(1)(u) does not apply "unless the Attorney General has first established a rule in accordance with the provisions of ORS chapter 183 declaring the conduct to be unfair or deceptive in trade or commerce." Or. Rev. Stat. § 646.608(4).

In plaintiff's brief in response to the summary judgment, plaintiff stated that he had cited the wrong provision of the UTPA. Plaintiff stated that his claim was based instead on Or. Rev. Stat. § 646.608(1)(d), which applies to the use of "descriptive representations or designations of geographic origin in connection with real estate, goods or services." In its reply brief in support of summary judgment, LMS correctly argued that Or. Rev. Stat. § 646.608(1)(d) did not apply even if plaintiff's allegations were assumed to be true.

Plaintiff then moved to amend the complaint. Among other changes, the amended complaint dropped the UTPA claim entirely. This court allowed plaintiff to dismiss the UTPA claim, but required that dismissal be with prejudice.

## DISCUSSION

Oregon law determines whether the court should award

2 - ORDER

attorney's fees under the UTPA, and the amount of fees, if any, to be awarded. See Diamond v. John Martin Co., 753 F.2d 1465, 1467 (9th Cir. 1985). Under UTPA, the court may award reasonable attorney's fees to the prevailing party. Or. Rev. Stat. § 646.638(3).

### I. LMS Is the Prevailing Party on the UTPA Claim

LMS is the prevailing party on plaintiff's UTPA claim. This court granted plaintiff's motion to dismiss the UTPA claim, but with prejudice rather than without prejudice as plaintiff had requested. Plaintiff moved to dismiss his UTPA claim only after receiving LMS's briefs in support of summary judgment, which explained why plaintiff's UTPA claim was not viable.

Plaintiff cites Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Servs., 532 U.S. 598, 605 (2001), for the proposition that LMS is not the prevailing party because plaintiff voluntarily changed its position by moving to dismiss the UTPA claim. I agree with LMS, however, that Buckhannon did not disturb the rule that dismissal of a claim with prejudice generally means that the defendant is the prevailing party as to the dismissed claim. See, e.g., Siskiyou Regional Educ. Project v. U.S. Forest Serv., 2004 WL 2110695, at *1 (D. Or. 2004). As the prevailing party on the UTPA claim, LMS is eligible for an award of attorney's fees.

### II. LMS Should Receive Attorney's Fees for the UTPA Claim

The prevailing party on a UTPA claim is not necessarily entitled to attorney's fees. In exercising its discretion in

3 - ORDER

deciding whether to award attorney's fees, the court should consider the factors in Or. Rev. Stat. § 20.075(1):

> (a) The conduct of the parties in the transactions or occurrences that gave rise to the litigation, including any conduct of a party that was reckless, willful, malicious, in bad faith or illegal.
>
> (b) The objective reasonableness of the claims and defenses asserted by the parties.
>
> (c) The extent to which an award of an attorney fee in the case would deter others from asserting good faith claims or defenses in similar cases.
>
> (d) The extent to which an award of an attorney fee in the case would deter others from asserting meritless claims and defenses.
>
> (e) The objective reasonableness of the parties and the diligence of the parties and their attorneys during the proceedings.
>
> (f) The objective reasonableness of the parties and the diligence of the parties in pursuing settlement of the dispute.
>
> (g) The amount that the court has awarded as a prevailing party fee under ORS 20.190.
>
> (h) Such other factors as the court may consider appropriate under the circumstances of the case.

The court should briefly explain the factors on which it relies, but it is not required to "make findings about irrelevant or immaterial factual matters or legal criteria." Elston v. Toma, Civ. No. 01-1124-KI, 2005 WL 696900, at *2 (D. Or. Mar. 24, 2005) (citation omitted).

Here, factor (b) favors LMS, because plaintiff's UTPA claim against LMS lacked a proper legal basis. Factor (d) favors LMS, because an award of fees could deter UTPA claims like plaintiff's. Factor (e) also favors LMS, because LMS took an objectively

4 - ORDER

reasonable position on the validity of plaintiff's UTPA claim. None of the factors favors plaintiff. I therefore conclude that LMS is entitled to an award of attorney's fees under the UTPA.

### III. Amount of Fees

LMS seeks more than $19,000 in attorney's fees.

"If the court elects to award attorneys' fees pursuant to [Or. Rev. Stat.] § 20.075(1), § 20.075(2) then requires the court to consider the factors identified in subsection (1) together with the eight factors set forth in subsection (2) when deciding the amount of any such award." Oglesby v. Western Stone & Metal Corp., 2001 WL 34045884, at *1 (D. Or. 2001). The additional statutory factors are:

> (a) The time and labor required in the proceeding, the novelty and difficulty of the questions involved in the proceeding and the skill needed to properly perform the legal services.
>
> (b) The likelihood, if apparent to the client, that the acceptance of the particular employment by the attorney would preclude the attorney from taking other cases.
>
> (c) The fee customarily charged in the locality for similar legal services.
>
> (d) The amount involved in the controversy and the results obtained.
>
> (e) The time limitations imposed by the client or the circumstances of the case.
>
> (f) The nature and length of the attorney's professional relationship with the client.
>
> (g) The experience, reputation and ability of the attorney performing the services.
>
> (h) Whether the fee of the attorney is fixed or contingent.

Or. Rev. Stat. § 20.075(2). A party may recover only attorney's

5 - ORDER

fees that were "reasonably incurred in the pursuit of (1) successful claims (2) for which fee recovery is authorized." Clausen v. M/V New Carissa, 171 F. Supp. 2d 1138, 1142 (D. Or. 2001), aff'd, 339 F.3d 1049 (9th Cir. 2003).

I find that the hourly rates requested by LMS are reasonable in light of the attorneys' experience and the Portland market for legal services. However, I find that the number of hours requested by LMS is too high.

Plaintiff's UTPA claim failed on its face because none of the statute's provisions applied to LMS's conduct, even taking plaintiff's allegations as true. The research required to establish the lack of a legal foundation for the UTPA claim should not have been difficult for an experienced attorney. LMS did not need discovery to determine that the UTPA claim was not legally viable.

Many of the hours requested by LMS relate to plaintiff's common law fraud claim. LMS contends that work on the fraud claim is compensable to the extent that the work was also related to defending the UTPA claim. See Estate of Smith v. Ware, 307 Or. 478, 481-82, 769 P.2d 773, 774-75 (1989). I agree with LMS generally that work which was related to both the UTPA and the fraud claims would be compensable. However, because it should not have been difficult for LMS's attorneys to establish that plaintiff's UTPA claim lacked a proper legal foundation, I will reduce the hours requested. In addition, many of the hours spent on the fraud claim related to factual issues, while the UTPA claim

failed on its face even accepting plaintiff's allegations as true.

However, I also take into account plaintiff's refusal to concede that the UTPA claim lacked merit until after LMS filed its reply brief in support of summary judgment. Even then, plaintiff sought dismissal without prejudice. Plaintiff therefore required that LMS perform work on the UTPA claim that otherwise would have been unnecessary.

Taking into account all the relevant statutory factors, I award LMS $5,000 in attorney's fees and costs. This amount includes the $542.10 in costs[1] previously awarded to LMS on January 3, 2006. The award of attorney's fees is the equivalent of about 23 hours at $190 per hour, which I consider reasonable considering the issues in dispute. (LMS's lead attorney, William J. Ohle, billed at $190 per hour.)

### CONCLUSION

Defendant LMS's Motion for Attorney's Fees (#93) is granted and LMS is awarded $5,000 in attorney's fees and costs.

IT IS SO ORDERED.

DATED this 30th day of March, 2006.

_____
JOHN JELDERKS
U.S. MAGISTRATE JUDGE

---

[1] I adhere to my ruling that LMS is entitled to costs as the prevailing party.